**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL FUDALI, | ) | |
| | ) | |
| Plaintiff, | ) | Nos. 10 C 6744 and 10 C 7597 |
| | ) | |
| v. | ) | Judge John Lee |
| | ) | |
| JANET NAPOLITANO, | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**A.**

In October 2010, the plaintiff sued for discrimination by his employer, the Transportation Safety Administration ("TSA"). The TSA answered in May 2011, following certain intervening proceedings. Discovery is scheduled to close in 60 days. The plaintiff's efforts to secure compliance with a rather large number of its discovery requests have proved unsuccessful, and he has moved to compel production of documents and answers to interrogatories. The discovery Mr. Fudali's counsel has served on the TSA is reasonable in scope and legitimate in purpose. Unfortunately, the same cannot be said of the TSA's responses, which have been evasive and dilatory in effect, if not design.

While discovery may be the bane of modern litigation, *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir.2000)(Posner, J.); Frank Easterbrook, *Discovery as Abuse,* 69 B.U.L.Rev. 635 (1989), parties and their counsel have an obligation to participate fully, fairly and cooperatively in that often needlessly contentious endeavor. *See* Rule 37, Federal Rules of Civil Procedure; *Harrington v. City of Chicago,* 433 F.3d 542 (7th Cir.2006); *Zenith Electronics Corp. v. WH-TV Broadcasting Corp.,* 395 F.3d 416 (7th Cir.2005); *Johnson v. J.B. Hunt Transport, Inc.,*

280 F.3d 1125, 1132 (7th Cir. 2002); *Newman v. Metropolitan Pier & Exposition Authority,* 962 F.2d 589 (7th Cir. 1992); *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976); *Stingley v. City of Chicago*, 2009 WL 3681984, 2 (N.D.Ill.2009) (collecting cases). *See also Littlejohn v. Bic Corp.*, 851 F.2d 673, 684 (3rd Cir. 1988)("Scrupulous compliance with court discovery orders is particularly important because our system of discovery relies on the cooperation and integrity of attorneys operating within the guidelines provided by the Federal Rules of Civil Procedure and the provisions of any protective order."); *Sentis Group, Inc., Coral Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 891 (8th Cir. 2009); *Moses v. Sterling Commerce (America), Inc.*, 122 Fed.Appx. 177, 182 (6th Cir. 2005).

The government's obligation to participate fairly in discovery is no less than that required of non-governmental litigants. Indeed, the case can be made that its obligation is greater. That, at least, is the view of the D.C. Circuit:

> The notion that government lawyers have obligations beyond those of private lawyers did not originate in oral argument in this case. A government lawyer "is the representative not of an ordinary party to a controversy," the Supreme Court said long ago in a statement chiseled on the walls of the Justice Department, "but of a sovereignty whose obligation ... is not that it shall win a case, but that justice shall be done." *Berger v. United States,* 295 U.S. 78, 88 (1935). The Supreme Court was speaking of government prosecutors in *Berger,* but no one, to our knowledge (at least prior to oral argument), has suggested that the principle does not apply with equal force to the government's civil lawyers. In fact, the American Bar Association's Model Code of Professional Responsibility expressly holds a "government lawyer in a civil action or administrative proceeding" to higher standards than private lawyers, stating that government lawyers have "the responsibility to seek justice," and "should refrain from instituting or continuing litigation that is obviously unfair." Model Code of Professional Responsibility EC 7-14 (1981).

*Freeport-McMoRan Oil & Gas Co. v. F.E.R.C.,* 962 F.2d 45, 47 (D.C. Cir. 1992).

But we need not measure the TSA's responses in this case by some higher measure than is imposed on all parties by the Federal Rules of Civil Procedure. After careful review of the

2

plaintiff's motions and after hearing extensive oral argument on the motions – during which the discovery requests were reviewed one-by-one – there can be only one conclusion, namely that the TSA has not been faithful to its obligations under the Federal Rules of Civil Procedure. Two simple examples suffice to make the point.

The TSA has yet to provide signed interrogatories, even though unsigned interrogatories do not comply with the plain and uncompromising requirement of Rule 33(a)(5). To add insult to injury, not only are the interrogatories unsigned, but the TSA has refused to provide the names of the individuals involved in providing the information contained in them on the ground that it was "premature" to do so. At the oral argument today, the TSA's lawyer argued that they were waiting to provide that information until discovery was over, since there may be additional information forthcoming. What nonsense.

The TSA has also objected on relevancy grounds to requests for information relating to complaints by similarly situated TSA employees of discrimination like that alleged in the complaint, even though the cases are clear that such information could lead to admissible evidence at trial under Rule 404(b), and thus is discoverable under the broad definition of relevancy under Rule 26, Federal Rules of Civil Procedure. Indeed, the specialized rule of relevance in Rule 404(b) finds perhaps even more frequent application in employment discrimination and retaliation cases than it does in civil rights cases, where it has found an hospitable reception. Some commentators have argued that "other act" evidence is too routinely admitted in these cases and that the "applicability and effects of Rule 404 remain notoriously inconsistent and confused...." Lisa Marshall, *The Character of Discrimination Law: The Incompatibility of Rule 404 and Employment Discrimination Suits*, 114

Yale L.J. 1063, 1072, 1098 (2005).[1]

Be that as it may, Rule 404(b) has come to play a significant role in employment discrimination and retaliation cases. The cases are basically uniform in holding as a general principle that discriminatory intent or the pretextual nature of an employment related decision may be proven by "other acts" of discrimination or retaliation. *See Warren v. Solo Cup Co.*, 516 F.3d 627 (7th Cir. 2008); *Vance v. Union Planters Corp.,* 209 F.3d 438, 445 (5th Cir. 2000); *Sheridan v. E.I. DuPont de Nemours and Co*., 100 F.3d 1061, 1067 (3rd Cir.1996)(*en banc*); *Goldsmith v. Bagby Elevator Co., In*c., 513 F.3d 1261 (11th Cir. 2008)(held that "me too" evidence of discrimination and retaliation against plaintiff's co-workers was properly admitted to show intent of plaintiff's supervisor. *See also Barnes v. City of Cincinnati*, 401 F.3d (6th Cir 2005)(supervisor's derogatory reference to lesbians and use of the word "fag"admissible); *O'Sullivan v. City of Chicago,* 2007 WL 671040, 8 (N.D.Ill. 2007)("Other-acts evidence, such as discriminatory acts directed at employees other than the plaintiff, may be relevant and admissible in a discrimination case to prove, for example, intent or pretext. *Manuel v. City of Chicago,* 335 F.3d 592, 596 (7th Cir. 2003); *Vance v. Southern Bell Tel. & Tel. Co.,* 863 F.2d 1503, 1511 n. 5 (11th Cir. 1989); *Hawkins v. Groot Industries, Inc.,* 210 F.R.D. 226, 230 (N.D.Ill. 2002)."). Thus, discovery of information of other acts of discrimination like that alleged by the plaintiff is permissible under Rule 26.

---

[1] This liberality may, in part, be explained by the fact that claimed discrimination can seldom be proved with direct evidence as there are no eyewitnesses to an employer's mental processes. The Supreme Court has held that wide evidentiary latitude should, therefore, be granted to those attempting to prove discriminatory intent. *U.S. Postal Service v. Aikens*, 460 U.S. 711, 714 n. 3 (1983). *Compare American Communications Ass'n, C.I.O., v. Douds* 339 U.S. 382, 411(1950)("But courts and juries every day pass upon knowledge, belief and intent-the state of men's minds-having before them no more than evidence of their words and conduct, from which, in ordinary human experience, mental condition may be inferred.").

4

All of this, of course, is basic and was known to the government at the time it made its captious objections to discovery directed to similar complaints of discrimination. Other objections utilized by the TSA in this case are less meritorious. In response to many discovery requests, the TSA invoked the uninformative litany that the requests were overbroad, production of documents unduly burdensome, that the plaintiff already had the information, that it had been turned over to the TSA with the expectation of confidentiality, etc., etc. No specifics were given. This "baseless, often abused litany," which is often combined with the objection that the evidence is "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence," *Swift v. First USA Bank,* 1999 WL 1212561 (N.D.Ill. 1999), is an insufficient basis to refuse to comply with discovery. They are " 'tantamount to not making any objection at all.' " *E.E.O.C. v. Safeway Store, Inc.,* 2002 WL 31947153, *2-3 (N.D.Cal. 2002).[2]

Although the cases are clear that these sorts of "boilerplate" objections are ineffectual – as the government certainly knew – their use continues unabated, with the consequent burdens on the parties and the court, which is called upon to resolve them. *See Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir. 1987); *Channell v. Citicorp Nat. Services, Inc.,* 89 F.3d 379, 386 (7th Cir. 1996).

---

[2] *See also In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994,* 172 F.R.D. 295 (N.D.Ill. 1997) (rejecting generic, non-specific, boilerplate objections); *Klein v. AIG Trading Group Inc.,* 228 F.R.D. 418, 424 (D.Conn. 2005) (overruling objections that "the familiar litany that the [requests] are burdensome, oppressive or overly broad"); *American Rock Salt Co., LLC v. Norfolk Southern Corp.,* 228 F.R.D. 426, 432 (W.D.N.Y. 2005) ("generalized objections that discovery requests are vague, overly broad, or unduly burdensome are not acceptable"); *Athridge v. Aetna Casualty and Surety Co.,* 184 F.R.D. 181, 190-91 (D.D.C.1998) (rejecting general boilerplate objections). *Roesberg v. Johns-Mansville Corp.,* 85 F.R.D. 292, 297 (E.D.Pa. 1980); *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.,* 105 F.R.D. 16, 42 (S.D.N.Y.1984); *Klein v. AIG Trading Group Inc.,* 228 F.R.D. 418, 422 (D.Conn. 2005); *Burkybile v. Mitsubishi Motors Corp.,* 2006 WL 2325506, *6-7 (N.D.Ill. 2006).

It serves no useful purpose to review the various other reasons given by the TSA to not producing documents or answering of interrogatories. None are meritorious. And, even where the TSA promised to provide discovery, it often did nothing thereafter. In some cases, month after month would pass with nothing from the TSA but silence or more empty promises. After a review of each request for production of documents and each interrogatory and after extensive oral argument this morning, all of the requests in the motions to compel are granted, with the single exception of the request for information discussed in court that involves years other than fiscal 2007.

The documents sought in the plaintiff's motions must be produced not later than June 29, 2012. That same schedule shall govern sworn executed responses to the plaintiff's interrogatories.

**B.**

Where any party acts inappropriately and causes his opponent to incur needless costs to secure compliance with discovery obligations, Rule 37 provides a remedy and should not receive a grudging application. In *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994), Judge Easterbrook said: "'The great operative principle of Rule 37(a)(4) is that the loser pays.' Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* § 2288 at 787 (1970). Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." (Parenthesis in original). *See also Sambrano v. Mabus* 663 F.3d 879, 881-882 (7th Cir. 2011)("Sanctions such as orders to pay the other side's attorneys' fees may redress injuries done to put-upon adversaries...."); *United States Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2nd Cir.1983)("General deterrence, rather than mere

remediation of the particular parties' conduct, is a goal under Rule 37; unconditional impositions of sanctions are necessary to deter 'other parties to other lawsuits' from flouting 'other discovery orders of other district courts.'" ).

     The plaintiff has orally moved for an award of attorneys' fees pursuant to Rule 37. The defendant believes that it has done nothing to warrant sanctions. The defendant shall respond in writing to the motion made today by June 26, 2012, and the plaintiff's reply will be due by July 6, 2012. Ruling is set for 7/12/2012 at 9:00 a.m. The parties are reminded of Local Rule 54.3.

                              ENTERED:_____
                                   UNITED STATES MAGISTRATE JUDGE

DATE: 6/12/12